JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Carl Hobbs, appeals his sentence for operating under the influence with a specification that he had been convicted of five or more equivalent offenses within 20 years. We affirm.
 {¶ 2} Hobbs was indicted on March 22, 2007, on one count of driving under the influence, a fourth degree felony, with a specification that he had been convicted of five or more equivalent offenses within 20 years, which enhanced the punishment as if it were a third degree felony. The specification listed ten prior convictions. The indictment also contained a furthermore clause charging that Hobbs refused to submit to chemical testing.
 {¶ 3} Hobbs pled guilty to the offense and specification on April 12, 2007. On May 22, 2007, the trial court sentenced Hobbs to four years on the DUI and a mandatory 120 days on the specification; the sentences were ordered to be served consecutively.
 {¶ 4} In his sole assignment of error, Hobbs contends that the trial court violated his Sixth and Fourteenth Amendment rights by sentencing him to a more-than-the-minimum term based on findings that were not admitted by him or found by a jury beyond a reasonable doubt.
 {¶ 5} The Ohio Supreme Court has declared certain portions of Senate Bill 2 unconstitutional and excised the offending parts of the statute from the statutory scheme. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, *Page 2 
paragraphs one through six of the syllabus, applying United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403; andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435.
 {¶ 6} In Foster, the Ohio Supreme Court held that judicial fact-finding to impose the maximum, more than the minimum, or a consecutive sentence is unconstitutional in light of Blakely.Foster at paragraphs one through six of the syllabus. The court also held that after severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster
at paragraph seven on the syllabus. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more-than-the-minimum sentence. Id.
 {¶ 7} Here, Hobbs was sentenced within the statutory range. Moreover, the factors considered by the trial court were done so upon its consideration of R.C. 2929.11 and 2929.12, which it was required to consider. Foster at ¶ 36-37. The court did not make any findings under the now excised R.C. 2929.14(B), which governed more-than-the-minimum sentences, or R.C. 2929.14(E)(4), which governed consecutive sentences. Accordingly, the trial court did not violate Hobbs' *Page 3 
Sixth and Fourteenth Amendment rights, and his sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1